UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARDAN SHOSHI,

    Plaintiff,

v.                                         Case No. 6:23-cv-156-RBD-EJK

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY; and
DIRECTOR, U.S. CITIZENSHIP
AND IMMIGRATION SERVICES,

    Defendants.
_____

**ORDER**

This cause is before the Court *sua sponte*.

This immigration case has been marked by Plaintiff's counsel David Stoller, Esq.'s repeated failure to follow the Court's Orders. The Court twice had to strike his Certificate of Interested Persons for failing to use the required form. (Docs. 7, 9.) Then he missed his deadline to file the Case Management Report, requiring the Court to remind him to file—but he again missed the extended deadline, requiring Defendants to file one unilaterally. (Docs. 21, 22.) And then he never filed an opposition to Defendants' pending motion to dismiss, even though he indicated in conferral that he opposed. (Doc. 20.)

Unfortunately, this is not the only case in which Mr. Stoller is struggling. In

another immigration case pending before the Undersigned, three of his certificates were stricken, he also failed to timely respond to a motion to dismiss, and he has had multiple show cause Orders entered against him. *See Calderon Martinez v. Sec'y, DHS*, No. 6:23-cv-164 (M.D. Fla. Jan. 30, 2023) (Docs. 7, 9, 11, 22, 24, 26, 29, 31). And a review of Mr. Stoller's cases before other judges in this District shows a pattern of similar problems. *See Kamara v. Acting Sec'y, DHS*, No. 6:19-cv-2447 (M.D. Fla. Dec. 30, 2019) (Docs. 20, 21); *Caceres Santos v. Sec'y, DHS*, No. 6:22-cv-1455 (M.D. Fla. Aug. 16, 2022) (Doc. 13); *Bah v. Sec'y, DHS*, No. 6:22-cv-1470 (M.D. Fla. Aug. 17, 2022) (Doc. 16); *Tincel v. Sec'y, DHS*, No. 6:22-cv-1883 (M.D. Fla. Oct. 13, 2022) (Docs. 12, 13, 23, 24). While Mr. Stoller is always apologetic, he does not seem to have made any demonstrable changes to his practice over time to remedy these issues and simply repeats his excuses. *Compare Tincel* (Doc. 13, Jan. 19, 2023), *and Kamara* (Doc. 21, Jan. 31, 2023), *with Calderon Martinez* (Doc. 25, May 17, 2023; Doc. 30, June 7, 2023), *and Tincel* (Doc. 24, June 1, 2023).

All of these failures require an immense amount of judicial labor to try to keep these cases on track despite Mr. Stoller's inaction. But it is his responsibility to prosecute his cases, not the Court's. Sadly, it is his clients who will suffer the consequences. So this case is due to be dismissed for failure to prosecute and follow the Court's Orders. *See Ondis v. United States*, No. 5:21-cv-127, 2021 WL 9593990, at *1 (M.D. Fla. Mar. 9, 2021) ("A district court may dismiss a plaintiff's

claims *sua sponte* . . . if he fails to prosecute those claims, comply with the Federal Rules of Civil Procedure, or follow a court order."). Moreover, the Court will refer Mr. Stoller to the Florida Bar, as it is clear that his conduct needs intervention to protect his clients' interests.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. This case is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk is **DIRECTED** to terminate all pending motions and deadlines and to close the file.

3. The Clerk is further **DIRECTED** to provide a copy of this Order to the Florida Bar.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 16, 2023.



ROY B. DALTON JR.
United States District Judge

3